IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH ROBINSON,     *

   Petitioner,     *

  v.     * CIVIL ACTION NO. PWG-16-3231

WARDEN JOHN WOLFE, JR., *et al*.,     *

   Respondents.     *
******

## **MEMORANDUM**

On September 19, 2016, Joseph Robinson, filed the pending 28 U.S.C. § 2254 habeas corpus petition attacking his 1999 convictions for carjacking, armed robbery, and related offenses entered in the Circuit Court for Baltimore City.[1] ECF No. 1.[2] Respondents filed an Answer which solely addresses the timeliness of the petition. ECF No. 5. Robinson was advised of his opportunity to file a reply. ECF No. 8. This he has done. ECF Nos. 6, 7 & 9. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). Because the petition is untimely, it will be denied and dismissed with prejudice.

### **Procedural History**

In November of 1999, Robinson was convicted by a jury sitting in the Circuit Court for Baltimore City of armed carjacking, armed robbery, and related offenses. State Ct. Docket

---

[1] The petition, received on September 21, 2016, is dated September 19, 2016, and is deemed filed on that date. The "mail box rule" applies to prisoner § 2254 motions. *Houston v. Lack*, 487 U.S. 266 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3(d) *Rules Governing Section 2254 Proceedings*.

[2] Citation is to the court's electronic docket.

Entries 3–4,³ ECF No. 5-1; *Robinson v. Maryland*, No. 2945, Sept. Term 1999 (Md. Ct. Spec. App. Oct. 18, 2000), ECF No. 5-2. On December 20, 1999, he was sentenced to an aggregate 60-year term of incarceration. *Robinson*, slip. op. at 1. The Court of Special Appeals affirmed Robinson's convictions on October 18, 2000. *Id.* at 17. The Court of Appeals of Maryland denied his Petition for Writ of Certiorari on February 8, 2001. Order in *Robinson v. Maryland*, No. 565, Sept. Term 2000 (Md. Ct. Spec. App. Feb. 8, 2001), ECF No. 5-2. He did not seek further review in the United States Supreme Court, and his judgment of conviction became final for direct appeal purposes on May 9, 2001. *See* Sup. Ct. Rule 13.1 (petition for writ of certiorari to be filed within 90 days of judgment from which appeal is taken).

On April 5, 2004, Robinson filed an untimely motion for modification of sentence. State Ct. Docket Entries 12; *see* Md. Rule 4-345(e) (motion for modification to be filed within 90 days of sentencing). The motion was denied on April 13, 2004. State Ct. Docket Entries 12-13.

On October 16, 2007, Robinson submitted a collateral attack on his conviction by filing a petition for post-conviction relief. *Id.* at 13. On June 13, 2008, the post-conviction court granted Robinson the opportunity to file a belated motion for modification of sentence (which was subsequently denied on September 5, 2008), and denied the post-conviction petition in all other respects. *Id*. at 14-15. The Court of Special Appeals of Maryland denied Robinson's application for leave to appeal the denial of post-conviction relief on March 9, 2010, and the court's mandate issued on April 8, 2010. Op. & Mandate, ECF No. 5-3.

**Analysis**

Title 28 U.S. C. § 2244(d) provides a one-year statute of limitations in non-capital cases

---

³ The page numbers provided for the State Court Docket Entries are the page numbers of the document filed on CM/ECF.

for those convicted in a state case.[4] This one-year period is tolled, however, while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

The statute of limitations began to run in Robinson's case on May 9, 2001, when the time for seeking further review in the United States Supreme Court concluded. Robinson had no properly filed collateral proceedings pending until October 16, 2007, when he instituted post-conviction proceedings. Robinson's state collateral proceedings concluded on April 8, 2010 when the Court of Special Appeals' mandate issued. Robinson then waited over six years before filing this case. In short, the statute of limitations for his federal habeas petition expired before Robinson initiated state post-conviction proceedings and the pending petition is time barred under 28 U.S.C.§ 2244(d).

---

[4]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In *Holland v. Florida*, the Supreme Court concluded that equitable tolling applies to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 560 U.S. 631, 633 (2010). The Court found that, in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Robinson insists that, in light of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Court should accept his untimely petition and consider the merits of his claims, because he received ineffective assistance of counsel, resulting in Constitutional error. *See* Pet. 8; Second Supp. Reply, ECF No. 9; *see also* Reply 2, ECF. No. 6; Supp. Reply 2, ECF No. 7. He does not explain how any ineffectiveness of counsel prevented the timely filing of his petition. He correctly notes that when a new factual predicate for a habeas claim is discovered, the limitations period begins anew, Reply 2, but he does not describe any such discovery.

In *McQuiggin*, 133 S. Ct. 1924, the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but it should be weighed as a factor in determining whether actual innocence has been reliably established. *Id*. at 1935-36. In addition, the Court "caution[ed] . . . that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The *McQuiggin* decision did not create a new right to habeas review, nor did it change existing law. Here, Robinson has not alleged, much less demonstrated,

actual innocence, nor has he identified any new evidence which would call into question his conviction.

Robinson's conclusory claim that he received unspecified ineffective assistance of counsel is insufficient to support equitable tolling of the limitations period. "'[A] garden variety claim of excusable neglect,' *Irwin* [*v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)], such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, *Lawrence* [*v. Florida*, 549 U.S. 327, 336 (2007)], does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651–52 (2010). While Robinson alleges various attorney errors prior to his conviction, he has not identified any attorney error leading him to miss the deadline, and consequently he has not shown that any post-trial error by an attorney was more than "excusable neglect." Indeed, the fact that he does not allege any post-trial error suggests that there was no error significant enough to create an "extraordinary circumstance." *See id.*

Moreover, a litigant's *pro se* status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance that would justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Robinson is not entitled to equitable tolling. Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davi*s, 137 S. Ct. 759, 773 (2017). The

petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In *Slack v. McDaniel*, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). Robinson does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate order follows.

October 18, 2017  /S/
Date  Paul W. Grimm
 United States District Judge